968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank J. ANDERSON, Petitioner-Appellant,
v.
Leroy L. YOUNG, Respondent-Appellee.
 No. 92-6091.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Anderson appeals the denial of habeas corpus relief. We affirm.
 
 
 3
 Mr. Anderson, a state inmate, filed a pro se habeas corpus petition. He alleged he entered a guilty plea to possession of a fictitious driver's license after a former conviction of two or more felonies and was sentenced to twenty years. He does not challenge this conviction; rather, he seeks to challenge a prior conviction that was used to enhance his current sentence. In the most conclusory fashion, Mr. Anderson attacks the validity of that prior conviction asserting seven constitutional errors including ineffective assistance of counsel; involuntariness of guilty plea; denial of right to a fair and impartial jury; and failure of the court to properly advise him of various rights.
 
 
 4
 The state filed a motion asking the district court to dismiss the complaint as it would be impossible to respond because Mr. Anderson alleged absolutely no supporting facts. The district court responded by inviting Mr. Anderson to respond with some facts. Mr. Anderson's response was that no accurate statement of the facts could be made and he was unwilling to commit perjury.
 
 
 5
 The matter was referred to a magistrate judge who reviewed the records and concluded that Mr. Anderson was procedurally barred from raising the issues as he failed to show cause or prejudice for his failure to either appeal the earlier plea or to raise these issues in the earlier post-conviction proceedings.
 
 
 6
 The district court then concluded that when Mr. Anderson entered a guilty plea to the current offense, he waived the right to collaterally attack the prior offenses used to enhance his present sentence.
 
 
 7
 Mr. Anderson appeals pro se arguing the district court failed to address any of the seven issues he raised. We grant permission to proceed in forma pauperis.
 
 
 8
 We affirm the judgment of the district court, but on different grounds. Mr. Anderson's habeas corpus petition is insufficient in that it contains no facts. Although a pro se pleader is held to less stringent standards than lawyers, Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988), he is not entitled to habeas corpus relief in a federal court merely by claiming ineffective assistance of counsel. He must accompany his claim by stating what it was his counsel did or did not do. It is not enough to claim a foul--the foul must be described. The seven issues Mr. Anderson raises in support of his claim likewise contain no factual allegations. Pro se applicants for relief should realize federal courts are not going to search for any possible error. Any alleged constitutional error must be identified with something more than legal jargon. The pleader must allege specific facts to establish such a claim.
 
 
 9
 The judgment is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3